# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────────────

ALLEN TONY DAVIS

                Plaintiff,

v.                                                           Case No. 08-CV-561

SERGEANT JENKINS, DEPUTY DRAFER,
DEPUTY CAYA, and DEPUTY MADNGAL,

                Defendants.

───────────────────────────────────────────────────────

## ORDER

On July 1, 2008, *pro se* plaintiff Allen Tony Davis, a prisoner at the Green Bay Correctional Institution, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated when the defendants, sergeants and deputies at Milwaukee County Correctional Institution, retaliated against him for assisting other inmates with their legal actions. In connection with his complaint, the plaintiff filed a request for leave to proceed in forma pauperis even though he has accumulated over three "strikes" pursuant to 28 U.S.C. § 1915(g).

Pursuant to the Prison Litigation Reform Act (PLRA) enacted April 26, 1996, the plaintiff is required to pay the statutory filing fee of $350.00 in full for this action. 28 U.S.C. § 1915(b)(1). In forma pauperis status, if granted, would allow the plaintiff to pay the filing fee in increments and would preclude dismissal of this action solely for the plaintiff's inability to pay the initial partial filing fee. 28 U.S.C. § 1915(b).

The PLRA provides, however, that if a prisoner has filed three or more actions or appeals that have been dismissed as frivolous or malicious or for failure to state

a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma pauperis unless the prisoner is in imminent danger of serious physical injury. The precise language of 28 U.S.C. § 1915(g) is as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

Davis has filed 17 lawsuits in this district. Several of these cases were dismissed on the merits: 1) *Davis v. Clusen, et al.*, Case No. 91-CV-74, dismissed on July 24, 1992; 2) *Davis v. Goodrich, et al.*, Case No. 94-CV-476, dismissed on October 11, 1995; 3) *Davis v. Blumenberg and Turluck*, Case No. 95-CV-701, dismissed on February 21, 1996; and 4) *Davis v. Artison, et al.,* Case No. 95-CV-725, dismissed on June 6, 1996. Accordingly, Davis may only proceed in forma pauperis in this case if he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat must be real and proximate, and the potential consequence must be serious physical injury. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citations

omitted). In addition, courts deny leave to proceed in forma pauperis when a prisoner's claims of imminent danger are conclusory or ridiculous. *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger). However, § 1915(g) is not a vehicle for determining the merits of a claim, but rather a simple statutory provision governing when a prisoner must pay the filing fee for his or her claim. See *Ciarpaglini*, 352 F.3d at 331.

In enacting the PLRA, Congress intended to discourage the filing of frivolous in forma pauperis lawsuits. Congress included the "three strikes" provision in the PLRA to prevent continued free rides for a person in custody who has been flooding the courts with frivolous and vexatious litigation. The court is aware that sometimes frequent filers undermine this goal by simply using the words "imminent danger" in their complaints. However, Davis does not even appear to be alleging that he is in imminent danger; indeed, he is seeking compensatory damages for alleged retaliation, which clearly undermines any possible argument that he is in imminent danger.

-3-

In the instant case, the court cannot reasonably infer imminent danger of serious physical injury from the facts alleged. According to the complaint, the plaintiff was subjected to a past injury at an institution from which he has now been moved. Thus, the plaintiff's allegations refer to a past injury that has not recurred, and pursuant to prevailing circuit law, a past injury that has not recurred does not justify in forma pauperis status. *See Ciarpaglini,* 352 F.3d at 330 (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3rd Cir. 2001) (being sprayed with pepper spray once not imminent danger); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger)).

The court concludes that the facts alleged in the complaint, taken as true, are insufficient to show that the plaintiff is in imminent danger of serious physical injury and thus, the plaintiff is ineligible for the exception to the "three strikes" provision under 28 U.S.C. § 1915(g). Accordingly, in forma pauperis status will not be granted. The plaintiff may still proceed with this action, but to do so he must pay the full amount of the $350.00 filing fee to the clerk of court within 20 days from the date of this order or his case will be dismissed without prejudice and without further notice from the court.

As explained above, the plaintiff has filed 17 lawsuits in this district. The plaintiff continues to file civil rights actions seeking leave to proceed in forma pauperis despite his large debt to the court.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**; the plaintiff shall pay the full amount of the $350.00 filing fee within 20 days from the date of this order or his case will be dismissed without prejudice and without further notice from the court;

Dated at Milwaukee, Wisconsin, this 18th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge